UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENGAGE LEARNING, INC. , | No. 2:15-cv-2401 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| DAVIS TEXTBOOKS, ALI SHERALI, and SHAHNAWAZ SHERALI, | |
| Defendants. | |

BACKGROUND

Cengage Learning, Inc. ("Cengage") sues defendants Davis Texbooks, Ali Sherali, and Shahnawaz Sherali ("Defendants") for copyright infringement, trademark infringement, trademark counterfeiting, and breach of contract in a complaint filed September 15, 2015.  ECF No. 1.

This matter came on for hearing on this court's August 31, 2016 law and motion calendar. Kevin Alan Hughey and Kristin Alisan Blocher appeared for defendants; Matthew Jan Oppenheim appeared by telephone for plaintiff.  Two motions were noticed for hearing: defendants' Motion to Compel Answers to Interrogatories (ECF No. 49), and plaintiff's Motion for a Protective Order to disallow specified categories of questions at a Fed. R. Civ. P. 30(b)(6) deposition (ECF No. 59).  At the hearing, plaintiff indicated that its Ex Parte Application to

////

1

1    Extend the Discovery Cut-off (ECF No. 61) was also before the court, and defendants made an

2    oral request for fees and costs.

3                      APPLICATION TO EXTEND DISCOVERY CUT-OFF

4          The discovery deadline plaintiff seeks to extend was set by the assigned district judge in

5    the Pretrial Scheduling Order.  ECF No. 42.  A previous Joint Ex Parte Application to modify that

6    Order was brought before the district judge, ECF No. 43, and an Order was issued by the district

7    judge setting a new discovery cut-off date of September 30, 2016.  ECF No. 44.  The present

8    application is also properly considered by U.S. District Judge Nunley, and the undersigned will

9    take no action.

10                 MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES

11         Defendants bring this motion (ECF No. 49) to compel further interrogatory responses with

12   regard to Interrogatories numbered 5, 9, 12, 16, 17, 18 and 20.  In general, these contested

13   Interrogatories seek information regarding the evidentiary basis for plaintiff's claims against

14   defendants (Nos. 5, 12), any actions taken by plaintiffs to identify and or prevent counterfeiters

15   and infringers of its copyrights and trademarks and to inform distributors of the issues (Nos. 9,

16   16, 17), and evidence of damages (No. 18).  The remaining Interrogatory seeks the factual basis

17   for plaintiff's denial of any Request for Admission served on it (No. 20).

18      A. Legal Standard

19         "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

20   party's claim or defense .... Relevant information need not be admissible at the trial if the

21   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

22   Civ. P. 26(b)(1).  Generally, the scope of discovery under Rule 26(b)(1) "has been construed

23   broadly to encompass any matter that bears on, or that reasonably could lead to other matters that

24   could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437

25   U.S. 340, 351 (1978).  Evidence is relevant if it has "any tendency to make the existence of any

26   fact that is of consequence to the determination of the action more probable or less probable than

27   it would be without the evidence."  Fed. R. Evid. 401.  The court must limit discovery when "the

28   burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

26(b)(2)(C)(iii).  The court may also limit the extent of discovery to protect a party or person from annoyance, embarrassment, oppression, undue burden or other improper purposes.  Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii).  Aside from these limitations, it is apparent that the goal of the Rules is to assure full factual development through discovery before trial.

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981).  The responding party shall use common sense and reason in assessing the meaning of the Interrogatories.  See Collins v. Wal–Mart Stores, Inc., No. 06–2466–CM–DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. 2:06-cv-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. 2:10-cv-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Mitchell v. Felker, No. 2:08-cv-1196 RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar.27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, supra, 2012 WL 113799, at *1; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

General or boilerplate objections, i.e., those based on broad assertions of irrelevance, attorney-client privilege, overbreadth and burdensomeness, are improper and do not meet this standard, especially when a party fails to submit any evidentiary declarations supporting such objections.  See Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

////

3

1 Exclusive reliance on such boilerplate objections waives any legitimate objection that could have

2 been raised.  Gorrel v. Sneath, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013).

3     B.  Application of Legal Standards

4      Because plaintiff's objections all fail under one or more of the legal standards described

5 above, the motion to compel will be granted.

6     1.   Interrogatory No. 5 asks plaintiff to identify industry standards that it contends are

7 implemented to prevent the distribution of counterfeit books.  Plaintiff objects on boilerplate

8 grounds that are summarily overruled as inadequate.  Plaintiff also argues that it cannot fully

9 answer this Interrogatory until it has received responses to discovery that it has served on

10 defendants.  Plaintiff ignores the fact that it has both the ability and the obligation to supplement

11 any response with later acquired information. Fed. R. Civ. P. 26(e)(1).  The fact that

12 supplemental production can be anticipated does not negate the obligation to make prompt

13 production of whatever responsive information plaintiff has at this time.  Defendants' Motion to

14 Compel Responses to this Interrogatory will therefore be granted.

15     2.   Interrogatory No. 9, which asks for current industry standards that plaintiff

16 contends are implemented to prevent the distribution of counterfeit textbooks, is the subject of

17 another boilerplate objection.  Plaintiff also argues that the Interrogatory addresses defendants'

18 intent, which is irrelevant because its claims are based on strict liability.  Defendants counter that

19 the response could provide information of use to refute plaintiff's allegation that defendants

20 "knew or should have known" their actions would violate the plaintiff's rights.  Further, they

21 assert that if there are such standards and Plaintiff had acted consistently with them, it would

22 provide evidence that defendants could use to prove that any infringing acts were not willful.

23 These relevance arguments are persuasive.  Defendants' Motion to Compel Responses to this

24 Interrogatory will therefore be granted.

25     3.   Interrogatory No. 12 asks for facts demonstrating that the titles listed in response

26 to Interrogatory No. 4, which is not implicated in this motion, have been the subject of copyright

27 infringement from 2005 to the present.  Plaintiff objects that the Interrogatory is

28 "incomprehensible" insofar as plaintiff cannot understand what the term "demonstration" calls

1  for, and that defendants are putting the emphasis on what they knew rather than what they

2  "should have known."  Defendants argue that a response would provide information for their

3  defense both as to what they "should have known," as well as to what they actually "knew."  For

4  plaintiff to prevail on its vagueness argument, it would have to show that reasonable common

5  sense provides no understanding of the term "demonstration."  <u>Thomas v. Cate</u>, 715 F.Supp.2d

6  1012, 1030 (E.D. Cal. 2010).  Common sense suggests that a plain statement of who infringed

7  what copyrights, when, and how, would suffice to "demonstrate" infringement.  Defendants'

8  motion to compel responses to this Interrogatory will therefore be granted.

9      4.  <u>Interrogatory No. 16</u> asks for all measures taken by plaintiff to prevent the

10  distribution of counterfeit textbooks from 2012 to the present.  Plaintiff again raises unacceptable

11  boilerplate objections of irrelevance, vagueness, ambiguity, overbreadth and undue burden.

12  Defendants explain as to relevance that the information sought, in combination with the response

13  to Interrogatory No. 12, could be used narrow the scope of Plaintiff's claim for damages.  The

14  court agrees.

15      Plaintiff also asserts that the information sought is confidential, proprietary, and protected

16  by the attorney-client privilege, the work product doctrine, and the common interest privilege.

17  Plaintiff maintains that the information sought is so sensitive that it cannot be safely provided

18  even under a carefully crafted protective order, citing <u>Viacom Int'l, Inc. v. YouTube, Inc.</u>, 253

19  F.R.D. 256 (S.D.N.Y. 2008) and <u>Directv, Inc. v. Trone</u>, 209 F.R.D. 455 (C.D. Cal. 2002) as

20  infringement cases in which courts have refused efforts to obtain this type of information.  In

21  those cases, however, the information sought involved source code and program system

22  manufacturing data, the disclosure of which could be devastating to the developers.  Here, the

23  information is much less sensitive and can be adequately protected by a protective order that

24  limits those to whom the information is disclosed.  Plaintiff has not sought such an order.  The

25  objection based on the confidentiality of proprietary information is overruled.

26      To support its claims of attorney-client privilege and work product protection, plaintiff

27  argues that attorneys contributed to any counterfeit protection measures it may have taken.

28  Plaintiff fails to explain, however, how an answer to an Interrogatory (as opposed to the

1    production of a document) could disclose any communication between plaintiff and its attorneys.

2    The Interrogatory seeks information about actions that were taken, not conversations regarding or

3    legal analyses of measures that were considered and/or implemented.  The question does not

4    directly call for any information that is potentially privileged, and plaintiff is fully capable of

5    crafting a response that does not disclose privileged material.

6         Although anti-counterfeiting measures may have been the product of legal work, plaintiff

7    makes no representation that such work in this case was performed either in the course of or in

8    contemplation of litigation, which is a basic requirement for successfully asserting work product

9    protection.  "[T]o qualify for protection against discovery under [Rule 26(b) (3)], documents must

10   have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and

11   (2) they must be prepared 'by or for another party or by or for that other party's representative.'"

12   United States v. Torf (In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)),

13   357 F.3d 900, 907 (9th Cir. 2004) (quoting In re California Pub. Utils. Comm'n, 892 F.2d 778,

14   780–81 (9th Cir. 1989)).  "At its core, the work-product doctrine shelters the mental processes of

15   the attorney, providing a privileged area within which he can analyze and prepare his client's

16   case."  United States v. Nobles, 422 U.S. 225, 238 (1975).  Plaintiff's overbroad interpretation of

17   the doctrine would allow parties to insulate virtually all documentary evidence from disclosure in

18   discovery merely by having an attorney review and comment on it at the time of its inception.

19   This would be wholly inimical to the goals of federal discovery.  The assertion of attorney-client

20   privilege and work product protection is therefore overruled, and defendants' Motion to Compel

21   Responses to this Interrogatory will be granted.

22        5.    Interrogatory No. 17 seeks identification of measures taken by plaintiff to notify

23   textbook distributors of titles it believed were the target of or subject to infringement.  Plaintiff

24   makes the same boilerplate objections, together with the attorney-client privilege and work

25   product doctrine protections, discussed in connection with Interrogatory No. 16, supra.  Plaintiff

26   explains that it has no "duty" to notify anyone of this information which it claims constitutes

27   confidential information.  Defendant asserts that this information could help their defense if, for

28   instance, other distributors were notified of targeted publications and they were not.  Such

1   information would provide evidence that the acts of defendant, if any, were not willful.

2   Defendants' Motion to Compel Responses to this Interrogatory will be therefore be granted on the

3   grounds explained above with regard to Interrogatory 16.

4         6.    Interrogatory No. 18 requests the net profit per unit plaintiff received per unit of

5   titles listed in response to an earlier, unobjected to, Interrogatory.  Plaintiff repeats its ineffective

6   boilerplate objections, together with a claim that the information is confidential and proprietary.

7   Defendants argue that the information goes to developing an understanding of what actual

8   damages plaintiff may claim and defendants may face.  In explanation of its position, plaintiff

9   argues that it does not calculate net profits on a title by title basis and that it "may" claim statutory

10  damages in any event, rendering the information useless.  Had plaintiff merely responded to this

11  Interrogatory by stating under oath that it does not calculate in this way, there would have been

12  no need for this overreaching objection.  Having failed to respond in the first instance, however,

13  plaintiff must now provide a written response to this Interrogatory.  A party is obligated to

14  respond to the fullest extent possible and state any objections with specificity.  Fed.R.Civ.P.

15  33(b)(3), (b)(4).  While extensive research is not required, a reasonable effort to respond must be

16  made.  L.H. v. Schwarzenegger, No. 2:06-cv-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D.

17  Cal. Sep. 21, 2007).  Defendants' Motion to Compel Responses to this Interrogatory will

18  therefore be granted on the grounds explained above with regard to Interrogatory 18.

19        7.    Interrogatory No. 20 requests that plaintiff state the facts upon which it relied in

20  denying any of the Admissions defendants propounded to it.  Plaintiff objects on the ground that

21  this Interrogatory is a "premature contention interrogatory" and discovery is still ongoing.

22  Defendants argue that this Interrogatory is clearly authorized by Fed. R. Civ. P. 33(a)(2), which

23  states "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention .

24  . . but the court may order that the interrogatory need not be answered until designated discovery

25  is complete, or until a pretrial conference or some other time."  In the instant case, the Scheduling

26  Order originally called for discovery to be completed by June 30, 2016, ECF 42, which cut-off

27  was later extended to September 30, 2016. ECF No. 44.  Plaintiff argues that it cannot answer

28  until it receives a supplemental production of documents promised by defendants since May

1   2016. Plaintiff has not, however, moved to compel this supplemental response, and the discovery

2   cut-off is looming. In light of this imminent deadline, the court will not exercise its discretion to

3   delay the completion of this discovery. Defendants' Motion to Compel Responses to this

4   Interrogatory will be granted. Plaintiff must provide responses that are currently available to it

5   and, if additional information is discovered following this disclosure, plaintiff must supplement

6   its response in conformity with Fed. R. Civ. P. 26(e).

7       C. Defendants' "Motion" for Fees and Costs

8       At hearing Defendants' counsel indicated Defendant was seeking fees and costs in

9   connection with the Defendants Motion to Compel. No proper motion has, however, been put

10   before the court and therefore no action can be taken in response to the representation. The oral

11   request will be denied.

12                MOTION FOR PROTECTIVE ORDER (Rule 30(b)(b) Deposition)

13       A. Legal Standard

14       Fed. R. Civ. P. 30(b)(6) provides that,

15           [i]n its notice or subpoena, a party may name as the deponent a
             public or private corporation, a partnership, an association, a
16           governmental agency, or other entity and    must    describe    with
             reasonable particularity the matters for examination. The named
17           organization must then designate one or more officers, directors, or
             managing agents, or designate other persons who consent to testify
18           on its behalf; and it may set out the matters on which each person
             designated will testify. The corporation has a duty to educate its
19           witnesses so they are prepared to fully answer the questions posed
             at the deposition.
20

21   Bowoto v. ChevronTexaco Corp., 2006 WL 294799, at *1 (N.D. Cal. Feb.7, 2006) (citing In re

22   Vitamins Antitrust Litig., 216 F.R.D. 168, 172 (D.D.C.2003)).

23   A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable

24   particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6).

25   "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit

26   what is asked of the designated witness at a deposition." UniRAM Technology, Inc. v.

27   Monolithic Sys. Tech., Inc., 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing Detoy v.

28

City and County of San Francisco, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)).  "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum ."  Id. (citing Detoy, 196 F.R.D. at 366–67).

B.  Objections to the Deposition Notice

Plaintiff does not resist the 30(b)(6) Motion in total, but rather seeks to strike three topic areas from the Notice on the following grounds:

1.  Each of the challenged questions is vague, overbroad, and not stated with sufficient particularity thus creating an undue burden on plaintiff to prepare a witness;

2.  Each of the challenged questions seeks testimony that is irrelevant to the defenses in this case;

3.  The disclosure of anti-piracy efforts would prejudice plaintiff by revealing trade secrets regarding plaintiff's efforts to deter counterfeits and require disclosure of attorney-client communications and work product associated with those efforts.

C.  Topics at Issue

1.  Topic No. 5:  "Cengage's efforts to deter distribution of counterfeit books."

This topic is nearly identical to the substance of Interrogatory No. 16 which the court has determined requires a response.  For the same reasons explained above in connection with that Interrogatory, plaintiff's objections to the 30(b)(6) deposition fail.  This request for protection from the deposition topic will therefore be denied.

2.  Topic No. 6:  "Coordination and arrangement for purchase and sale of counterfeit and unauthorized books."

Plaintiff objects to this topic in part on the ground that it calls for information protected by attorney-client privilege or the attorney work product doctrine, and attempts to inquire into conduct of plaintiff's which is not at issue in this litigation.  These objections have been evaluated in connection with the related Interrogatories discussed above, and are rejected for the same reasons here.  The additional objection regarding a lack of reasonable particularity of the inquiry does, however, merit discussion.

////

9

Plaintiff contends that it cannot determine what books are referred to, as the Topic does not describe the specific books or the category of books that are to be addressed.  It argues that the unlimited scope of the question thus places an undue burden on plaintiff regarding witness preparation.  ECF No. 48 at 9:3-11.  Defendants respond that the testimony sought will help them to "gather information as to the common indicators that a particular seller is dealing in counterfeit books, and thus whether [plaintiff's][1] practices and policies in avoiding counterfeit sellers are reasonable," which will in turn provide information to defend against plaintiff's claim that defendants willfully infringed its trademarks and copyrights.

As the propounding party, defendants have a duty to describe with reasonable particularity the matters for examination in a 30(b)(6) deposition.  The formulation of this Topic does not fulfill that duty.  Defendants argue it is directed at purchases by third-parties but it seems rather to seek information about *Plaintiff's* purchase and sale of counterfeit and unauthorized books.  The court will not endeavor to rectify this problem for defendants, but notes their stated goals seem to be addressed more by Topic 5 than by Topic 6.  As stated, this topic makes no sense as it is impossible to discern why or how plaintiff would, itself, arrange for the purchase or sale of counterfeits of its own books.  The court will, therefore, grant plaintiff's motion to strike this Topic from the 30(b)(6) deposition.

     3.    <u>Topic No. 7</u>:  Cengage's communications with textbook sellers regarding handling of presumed counterfeit textbooks.

Plaintiff objects on grounds that the inquiry is overly broad, seeks irrelevant testimony, and calls for the disclosure of confidential and proprietary information.  This Topic parallels, if not mirrors, the inquiry posited in Interrogatory No. 17 as to which the court is compelling response.  It will approve the scope of this Topic on the same grounds as those discussed in connection with that Interrogatory.

////

////

---

[1]  Defendants actually refer here to "Defendants' practices," which the court believes is a typographical error and was meant to address plaintiff's practices.

1

CONCLUSIONS

2          For the reasons explained above, it is HEREBY ORDERED as follows:

3          1.      Defendants' Motion to Compel Responses to Interrogatories is GRANTED;

4          2.      Defendant's oral Motion for fees and costs, not having been properly noticed and

5    briefed, is DENIED;

6          3.   Plaintiff's Motion for a Protective Order with regard to F. R. Civ. P. 30(b)(6)

7    deposition Topics 5 and 7 is DENIED;

8          4.      Plaintiff's Motion for a Protective Order with regard to F. R. Civ. P. 30(b)(6)

9    Topic 6 is GRANTED.

10         **IT IS SO ORDERED.**

11   DATED:  September 2, 2016

12                                                _____

13                                                ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11