UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENGAGE LEARNING, INC., | No. 2:15-cv-2401 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| DAVIS TEXTBOOKS, ALI SHERALI, and SHAHNAWAZ SHERALI, | |
| Defendants. | |

Plaintiff's motion to compel further discovery responses (ECF No. 60) came on for hearing on September 14, 2016. Naomi Jane Gray appeared telephonically on behalf of plaintiff, and Galen Gentry appeared on behalf of defendants. For the reasons now explained, the motion will be granted.

BACKGROUND

Cengage, a textbook publisher, sues defendants for copyright infringement, trademark infringement, trademark counterfeiting, and breach of contract. See ECF No. 1 (Complaint). Defendants are sellers of college textbooks, who own and operate a brick-and-mortar bookstore and an online storefront. In 2012, after plaintiff and other publishers accused defendants of selling counterfeit copies of their copyrighted works, the parties entered into a settlement agreement. Plaintiff alleges in the present action that defendants have continued to sell

1

counterfeit copies of its copyrighted textbooks, and have violated the term of the settlement agreement that prohibited defendants from distributing counterfeit textbooks and required them to cooperate with plaintiff in the investigation of counterfeiting.

By order filed September 2, 2016, ECF No. 64, the court granted defendant's motion to compel further responses to various interrogatories, and addressed various other discovery matters.

## STANDARDS GOVERNING MOTION TO COMPEL

The scope of discovery under the Federal Rules is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. ("Rule") 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Where a party fails to produce documents requested under Rule 34, the party seeking discovery may move for compelled disclosure.  Fed. R. Civ. P. 37.  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  See Bryant v. Ochoa, 2009 WL 1390794 at * 1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. 2009).  The party opposing discovery is "required to carry a heavy burden of showing" why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections, e.g., those based on broad assertions of vagueness, overbreadth or burdensomeness, are improper and do not meet this standard, especially when a party fails to submit any evidentiary declarations supporting such objections.  See Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  Exclusive reliance on such boilerplate objections

////

1 waives any legitimate objection that could have been raised.  Gorrel v. Sneath, 292 F.R.D. 629,
2 634-635 (E.D. Cal. 2013).

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks compelled production of documents that fall into three categories: (1) documents regarding instances in which defendants sold suspected or alleged counterfeit textbooks, other than the single instance alleged with specificity in the complaint, from January 1, 2013 to the present; (2) documents regarding other textbooks purchased by defendants from known or suspected counterfeit suppliers; and (3) documents concerning defendants' corporate structure and financial condition.

### I. Requests for Production 1 and 10

Requests for Production ("RFPs") 1 and 10 seek information about instances since the settlement agreement was entered when defendants sold textbooks that were suspected or alleged by others to be counterfeit.  Defendants argue that the requests seek irrelevant information because the Complaint alleges the sale of a single counterfeit title.  They also object on grounds the requests are vague and ambiguous, overbroad, unduly burdensome, and generally unauthorized by the Federal Rules of Civil Procedure.

Plaintiff contends that the relevance objection is waived because it was not stated in the original responses to the RFPs.  Defendants are correct, however, that the propounding party has the initial burden to establish relevance on a motion to compel.  See Bryant v. Ochoa, supra. Plaintiff has done so here.  First, the Complaint's allegation of a single counterfeit title is expressly illustrative.  See ECF No. 1 at 5 ("Cengage has duly registered its copyright in the work described below, *among others*") (emphasis added); see also id. at 7 (alleging defendants have distributed "counterfeit copies of Cengage's [unspecified] Authentic Work bearing Cengage's Marks (hereinafter "Pirated Books").  These allegations suggest that defendant's infringement extends beyond the one specified title, and therefore supports discovery into the extent of infringement.  Second, the existence of additional allegations of infringement, or business dealings by defendants with suspected counterfeit suppliers, is relevant to the willfulness of their conduct vis-à-vis plaintiff, and therefore to the proper measure of statutory damages.  Third,

3

1   defendants' conduct in response to indications or allegations of counterfeiting is relevant to the
2   breach of contract claim.
3       Plaintiff having demonstrated relevance, it is defendant's "heavy burden" to show why
4   discovery should be denied.  <u>Blankenship</u>, 519 F.2d at 429.  Defendants' general, boilerplate
5   objections fail to meet that burden.  <u>See</u> <u>Farber & Partners</u> 234 F.R.D. at 188 (C.D. Cal. 2006);
6   <u>Gorrel</u>, 292 F.R.D. at 634-635.  The objections are accordingly overruled as inadequately
7   supported.
8       II.    <u>Requests for Production 4, 5, 6, and 7</u>
9       These Requests all seek information about transactions between defendants and their
10  suppliers that potentially involve counterfeit publications.  Plaintiff wants to identify the
11  textbooks that defendants have purchased from the "Counterfeit Suppliers" (RFP No. 4), the
12  dispositions (sale, return, etc.) of those books (RFP No. 5), related transaction details (RFP No.
13  6), and communications with customers to whom defendants sold such books (RFP No. 7).
14  Defendants argue that the requests seek information that is irrelevant because beyond the scope of
15  plaintiff's claims involving a single counterfeit title.  They also object on grounds the requests are
16  vague and ambiguous, overbroad, unduly burdensome, and generally unauthorized by the Federal
17  Rules of Civil Procedure.
18      For the same reasons explained above in relation to RFPs 1 and 10, plaintiff has
19  sufficiently demonstrated relevance.  For the same reasons explained above in relation to RFPs 1
20  and 10, defendants' boilerplate objections are overruled as inadequately supported.
21      III.    <u>Requests for Production 15 and 16</u>
22      These Requests seek documents relating to defendants' corporate structure, governance,
23  ownership, assets, revenue and related items.  In addition to stating boilerplate objections,
24  defendants stated in their responses to these RFPs that they were "not in possession of any
25  responsive documents."  At hearing on the motion, counsel for defendants indicated that such
26  representation had been made in error.
27      Plaintiff has adequately explained the relevance of these documents in terms of issues
28  related to damages, and in relation to defendant's knowledge of possible counterfeiting,

4

compliance with the settlement agreement, etc.  Defendant's boilerplate objections being categorically inadequate, they are overruled.

## CONCLUSION

For the reasons explained above, plaintiff's Motion to Compel Production of Documents (ECF No. 60) is GRANTED.

IT IS SO ORDERED.

DATED: September 16, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE